**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Case No. 1:21-cr-00032 (DLF) |
| | § | |
| GUY WESLEY REFFITT, | § | |
| Defendant. | § | |

**RENEWED MOTION FOR LIMITED MODIFICATION OF DISCOVERY PROTECTIVE ORDER AND MEMORANDUM IN SUPPORT**

Guy Wesley Reffitt, proceeding pro se, requests a limited modification of the protective order, ECF No. 16, under paragraphs 4, 9, 13, and 15 of that order and Federal Rule of Criminal Procedure 16(d)(1). The requested relief would permit specified existing records, including covered records already provided to Reffitt, to be transferred to and used by counsel representing him in Cloutier et al. v. United States, No. 1:26-cv-03685 (D.D.C.), subject to continuing confidentiality and supervised review. This renewed, narrower request follows the October 27, 2026 denial without prejudice of ECF No. 210. ECF No. 220 at 5-7.

The civil complaint was filed on October 21, 2026, after the September 8 joint status report but before the Court's ruling. It identifies Reffitt as a plaintiff and alleges, among other claims, malicious prosecution and abuse of process. The complaint excerpts in Exhibit A identify the proceeding, Reffitt's individual allegations, and the pleaded claims; they are not proof that those allegations are true. This motion seeks permission to use particular retained records, without renewed government production or repository access.

## 1. The prior ruling and the purpose of this renewed request

The Court held that the conclusion of the prosecution ended any ongoing entitlement to criminal discovery from the government. ECF No. 220 at 3–4. It also found continuing privacy and security interests and explained that the prior request encompassed substantially the entire

discovery record without connecting particular protected materials to an identified claim or proceeding. Id. at 4–6. The Court lifted the temporary restriction on transfer of unprotected materials while leaving ECF No. 16 in effect. Id. at 6–7. This motion accepts those limitations for purposes of the relief requested.

Reffitt has already obtained files from former counsel. Counsel indicated that the materials provided were what he could give. This motion does not assert that counsel provided nothing, that the transferred collection is complete, or that any particular missing file remains in counsel's possession. The present issue is the permitted use of specifically identified existing records, including any covered records within the materials already received. Receipt of a file and permission to use it in a separate civil action are distinct issues under ECF No. 16, paragraph 4(a). Reffitt seeks prospective authorization, not a finding about counsel's compliance with any client-file obligation.

The particular connection is to the factual basis and disclosure history of the recordings identified below. The civil complaint describes Reffitt’s conduct, prosecution, and asserted injuries in paragraphs 310–318, at pages 86–88. Count I alleges malicious prosecution, including fabrication or exaggeration of evidence and withholding of exculpatory material; Count II alleges abuse of process. Cloutier, ECF No. 1, ¶¶ 332–346, at 91–93 (Ex. A). The requested records would allow counsel to test those allegations against the actual evidence, including evidence unfavorable to Reffitt.

The filing of a civil complaint does not itself establish good cause or a right to criminal discovery. This Court is not asked to decide civil jurisdiction, sovereign immunity, the sufficiency of the claims, causation, or admissibility. The requested modification addresses only

the effect of this Court's continuing protective order on a limited transfer and use of existing materials.

The government opposed the prior request. Reffitt does not represent that it has consented to this narrowed proposal or that renewed conferral on these exact terms has occurred. The proposal permits an ordinary response to this motion and a further, item-specific notice and objection process before any newly authorized protected transfer or civil use. If additional conferral or a supplemental identification is needed before decision, Reffitt requests a short opportunity to supply it rather than denial of otherwise supportable narrower relief.

**2. The particular existing records and their intended use**

Relief is limited to the following existing records already provided to Reffitt by former counsel or the government, or still retained by former criminal counsel, including Clint Broden or William Welch. An existing covered record may be supplied from either holder without requesting a duplicate from the other. The request seeks permission, not compelled delivery, recreation of files, restoration of repositories, acquisition of new records, a discovery inventory, or a reconstructed access history. A notebook, folder, or collection is not covered as a whole merely because it contains a covered record; only the qualifying record may be selected for the authorized use.

A. Source recordings for Defendant's Sentencing Exhibits 2 and 3. This category covers only the existing source video files actually used to prepare those 2 exhibits for the August 1, 2022 sentencing, together with metadata already embedded in the files. It excludes other camera feeds and unrelated recordings. The transcript identifies the exhibits as Capitol Police surveillance video and records their admission. Sentencing Tr. 119:6–12 (Aug. 1, 2022) (Ex. B).

The admitted exhibits themselves, including the entirety of each exhibit actually received in evidence, fall within paragraph 11(a) of ECF No. 16. A distinct, longer source file does not become public merely because an excerpt from it was admitted or displayed. Modification is sought only for any protected source material beyond the admitted exhibits, so counsel may compare the relevant sequence and assess the characterization of Reffitt's role.

The sentencing discussion identifies earlier stairway activity beginning at approximately 1:21 p.m., before Reffitt's ascent, but also records defense counsel's concession that the earlier individuals did not get past the officers. Id. at 121:18–24, 122:5–25, 123:1–9. Earlier activity alone therefore does not disprove a later leadership role or establish government misconduct. The purpose is to evaluate the full relevant context, rather than to presume an exculpatory conclusion.

The public transcript identifies what was admitted and what counsel argued; it does not itself permit a file-to-file comparison of the underlying recordings or establish their production history. Item A is sought only where a separate protected source adds relevant context or embedded metadata beyond the actual admitted exhibit. If the admitted exhibit is the complete source needed for that comparison, the paragraph 11 exclusion supplies access and no additional protected copy is sought for that item. This limits the request to a demonstrated difference rather than presuming that every source file must be newly disclosed.

B. Discovery Letter 25 and its Item 2 recording. This category covers (1) Discovery Letter 25, dated February 16, 2022, and any retained contemporaneous attachment list or manifest identifying the Item 2 recording; and (2) only the single recording identified in Item 2 of that letter, with its embedded metadata. All other underlying productions described in the letter are excluded. Reffitt already has a copy of the letter; to the extent it remains protected, he

requests permission to transmit that existing copy to authorized civil counsel under the same restrictions.

The motion does not assert that Item 2 is either of the source recordings in Item A. Counsel would compare that specifically identified pretrial recording with the sentencing materials and determine whether the files show the same sequence, overlap, or differ. The letter's date and description do not by themselves establish the precise file identity, successful delivery, or any recipient's first review. Access to the single recording, rather than speculation based on the cover letter, would permit that comparison.

C. Existing file-specific transmission records. This category covers only government-to-defense transmission emails, delivery notices, and production receipts already provided to Reffitt or retained by former counsel that specifically identify a recording in Item A or Item B(2), or a disclosed version of that recording. It excludes general repository logs, unrelated productions, the full series of discovery letters, and counsel's private notes or legal advice. The purpose is to test the disclosure chronology alleged in Count I. A later upload or re-sharing event, without more, does not show that defense counsel lacked earlier access. Nor does the presence of a cover letter in a transferred collection alone establish delivery or review of its underlying recording.

The exact source filenames and any correspondence establishing identity between the recordings have not yet been verified. The request nevertheless identifies its boundaries by 2 admitted sentencing exhibits, 1 numbered item in a dated production letter, and records specifically transmitting those recordings. The holder's proposed notice must identify each actual file and its basis for inclusion; a file whose inclusion cannot be established may not be transferred or used under this authorization. The notice is an implementation safeguard, not a

request for the government to search its holdings or determine the scope of the request. If no existing record qualifies, this motion creates no duty to produce one.

**3. The governing law permits consideration but does not require relief**

Rule 16(d)(1) permits appropriate protective relief for good cause. The government bears the burden of showing the need for restrictions. United States v. Cordova, 806 F.3d 1085, 1090 (D.C. Cir. 2015); ECF No. 16 ¶ 9. Reffitt nevertheless supplies a particularized reason for modification and recognizes the Court's discretion. The relevant considerations include disclosure hazards, prejudice to the defense, and the public interest. United States v. Cudd, 534 F. Supp. 3d 48, 52 (D.D.C. 2021). The benefit asserted here concerns civil litigation, not an ongoing criminal defense.

ECF No. 16 expressly contemplates further orders authorizing another purpose or recipient, permits modification, and continues after the case concludes unless otherwise ordered. Id. ¶¶ 4(a)–(c), 9, 15. Authority over that continuing order is distinct from a renewed entitlement to obtain discovery from the prosecution. In the civil context, the D.C. Circuit recognizes continuing authority to modify confidentiality orders after litigation ends. EEOC v. National Children's Center, Inc., 146 F.3d 1042, 1047–48 (D.C. Cir. 1998). That decision supplies an analogy concerning continuing authority, not a criminal-discovery right or a mandatory-disclosure rule.

United States v. Pope, No. 25-3102, judgment at 1–2, 2026 WL 2225251 (D.C. Cir. Aug. 3, 2026), affirmed a post-prosecution return requirement and rejected a continuing entitlement under Rule 16 and the Constitution. See also United States v. Nobles, 422 U.S. 225, 235 (1975); District Attorney's Office v. Osborne, 557 U.S. 52, 68–69 (2009). Reffitt does not contend that the pardon or termination of the prosecution extinguished ECF No. 16. Pope reviewed the other-

case argument there for plain error because it was newly raised on appeal. Judgment at 2. This motion presents a specific proceeding, records, and restrictions to the district court without suggesting Pope requires modification.

United States v. Morales, 807 F.3d 717, 722–24 (5th Cir. 2015), is directly relevant adverse persuasive authority. It affirmed denial of a post-prosecution request to use 2 protected documents in contemplated civil litigation. Applying Rule 16(d)(1), it considered the order's nature, foreseeability, reliance, and good cause. A narrow request and a civil-litigation purpose were insufficient where the proposed use defeated the protection on which cooperating witnesses had relied. Morales illustrates why a request must address the interests supporting confidentiality as well as its proposed civil use.

The distinction from Morales is the relationship between the requested use and the interests the order protects. ECF No. 220 identifies continuing privacy and security interests, which this proposal preserves through restricted recipients, custody, supervision, and item-specific objections. The request does not seek public disclosure of witness files or removal of confidentiality designations. Nor does it assume that civil litigation defeats reliance interests or that the civil filing alone changes the circumstances. The narrower scope and safeguards address the deficiencies identified in ECF No. 220 while leaving the government's demonstrated protection needs subject to review for each selected item. Any item-specific reliance or security concern can support redaction, counsel-only inspection, exclusion of that item, or further conditions without necessarily defeating all relief.

The Court previously found that a general promise of confidentiality did not cure breadth and lack of specificity. ECF No. 220 at 5-6. This request couples confidentiality with identified records, distinct evidentiary purposes, signed obligations, controlled custody, and judicial

resolution of disputes. Those purposes include determining whether the civil allegations have evidentiary support and should be pursued, limited, or withdrawn. Reffitt does not assert a public-transparency entitlement or continuing prejudice to a criminal defense.

The availability of civil discovery does not itself resolve whether this Court's existing order permits civil counsel to review covered records already held by Reffitt or former counsel. This motion asks the issuing Court to resolve that restriction without compelling discovery from the government or any third party. For records not already held by either identified source, civil discovery remains the route. No civil discovery deadline, stay, privilege, grand-jury restriction, or other ruling would be displaced. If the Court prefers, it may authorize only confidential counsel inspection for evaluating the identified claims, with later filing, disclosure, or evidentiary use reserved for further permission.

**4. Proposed safeguards and treatment of excluded materials**

Peter Ticktin and Roger Roots are identified on the filed civil complaint. Ex. A at 105. Either could receive covered records only while representing Reffitt in Cloutier and after signing the attached undertaking and accepting the specified duties. The request does not represent that either attorney has already agreed. No protected access would become effective for an attorney who does not accept; necessary supervised personnel must also sign. The receiving attorney would confirm the specific claim-related purpose of each selected item in the private notice. Additional independently retained attorneys or recipients would require further authorization.

Newly authorized civil-use copies would remain in counsel’s secure custody. Reffitt could review them under supervision but would receive no personal copy through this modification. Existing restrictions on recording identifiers and handling Highly Sensitive material would continue. The proposed order expressly substitutes its limited undertaking for the

original Attachment A solely for this civil review and retains paragraph 13's requirement to file Reffitt's signed acknowledgment within 7 days.

Use would be limited to evaluating, preparing, and litigating Reffitt's claims in Cloutier. No disclosure to other plaintiffs, the public, or the media would be authorized. The order would not independently authorize public filing, evidentiary disclosure, or sealing in the civil case. Counsel would first obtain any needed authorization here and comply with the civil court's procedures.

Before any newly authorized protected transfer or civil use, the holder or receiving counsel would give the government a private notice identifying the actual selected files, their covered categories, recipients, and purposes. The government would have 14 days to identify item-specific objections. A timely objection would keep only the disputed item under existing restrictions pending written agreement or further court order; the parties would confer promptly, and either could seek judicial resolution after 7 days if the dispute remains unresolved. No disputed record would become available automatically through expiration of an objection hold. Undisputed items could proceed separately after the notice period and satisfaction of all other conditions.

Paragraph 11's exclusions remain intact, including actual public exhibits, qualifying materials derived from or pertaining solely to Reffitt, and materials obtained outside discovery. A mixed recording is not automatically exempt merely because Reffitt appears in it. The proposed additional conditions apply only to access newly authorized by the modification; they neither restrict otherwise lawful access to unprotected materials nor surrender existing rights under ECF No. 16. Designation disputes remain subject to paragraphs 8–9.

**5. Relief requested**

Reffitt respectfully requests entry of the accompanying proposed order authorizing the limited transfer and civil use of covered existing records, including those already provided to him, and supervised review as described above. Alternatively, he requests counsel-only inspection without transfer or personal review, redaction or exclusion of particular sensitive portions, or relief confined to the letter and qualifying transmission records. If a specific item requires closer assessment, he requests identification of the concern and an opportunity to provide a limited supplemental showing or submit that item for in camera review under the Court's directions. These alternatives are severable, so a concern about a recording or proposed condition need not defeat relief for an otherwise appropriate item. ECF No. 16 would otherwise remain effective, and ECF No. 220 would remain undisturbed as to government reproduction, repository access, and unprotected materials. This request does not waive any available appellate right, constitute a notice of appeal, or assert that an appeal deadline is extended.

The attached exhibits are limited to public civil-complaint and sentencing-transcript excerpts. Discovery Letter 25, protected recordings, transmission correspondence, and private attorney notebooks are not publicly attached. Their inclusion within the requested authorization remains subject to the entered order and its safeguards.

Respectfully submitted,
/s/ Guy Wesley Reffitt
Guy Wesley Reffitt, pro se
McKinney, Texas
Telephone: 469-777-9473
Email: guyreffitt2021@gmail.com
Date: November 9, 2026